IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA L. POLARDINO,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 12-806<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 19th day of August, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB application on August 9, 2010, alleging disability beginning on May 24, 2010, due to depression, anxiety and stress. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on August 26, 2011, at which she appeared represented by counsel. On September 1, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 26, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 38 years old on her alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a secretary, file clerk, salon receptionist and salon shampoo attendant, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar and cervical spine, lumbar radiculitis, depressive disorder and anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work, but she is precluded from climbing ladders, ropes and scaffolds. In addition, plaintiff is limited to occasionally climbing ramps and stairs, and she may occasionally balance, stoop, kneel, crouch and crawl. She must avoid exposure to temperature extremes, wetness and humidity. Further, plaintiff is limited to understanding, remembering and carrying out simple instructions and performing work that involves simple, routine tasks. Plaintiff also is limited to working in a low stress environment that does not involve production rate paced work. Finally, plaintiff is restricted to work that involves only occasional and routine changes, only occasional supervision and no contact with co-workers and the public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded

that plaintiff's vocational factors and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as an office cleaner, stock marker and mail clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and

residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he failed to include in the RFC Finding a restriction to account for plaintiff's moderate limitations in concentration, persistence and pace; (2) he gave inadequate weight to the opinion of one of plaintiff's treating physicians; (3) he improperly relied on the opinion of a state agency medical consultant; and (4) he failed to properly evaluate plaintiff's credibility. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ's RFC Finding did not adequately account for her moderate limitations in concentration, persistence and pace. The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace. See McDonald v. Astrue, 293 Fed. Appx. 941, 946 (3d Cir. 2008); Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) (restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace). Here, the RFC Finding limited plaintiff, inter alia, to work that involves simple, routine tasks and understanding,

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

remembering and carrying out simple instructions. Thus, the ALJ adequately accommodated plaintiff's moderate limitations in concentration, persistence and pace.

Plaintiff next argues that the ALJ gave inadequate weight to the opinion of her treating psychologist, Dr. Susan Drolet. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). Under this standard, the ALJ properly determined that Dr. Drolet's opinion should be given little weight. (R. 28).

In August 2011, Dr. Drolet completed a Medical Source Statement on which she indicated that plaintiff would be unable to "make it through a day of productivity." (R. 575). Despite this conclusion, Dr. Drolet rated plaintiff as having a fair ability to understand, remember and carry out very short and simple instructions, and commented that she "can work independently at own pace with no time or productivity expectations." (R. 576).

The ALJ explained he gave little weight to Dr. Drolet's opinion that plaintiff was unable to work because the treatment she provided plaintiff was not the type one would expect for an individual who was as limited as she described plaintiff. (R. 28). In addition, the ALJ found Dr. Drolet's opinion to be inconsistent with records from Dr. Matta, plaintiff's treating psychiatrist, which indicated that plaintiff's mental conditions were controlled with medication. (R. 28, 371-76, 579-80).

After reviewing the record, the court finds no error in the ALJ's consideration and weighing of Dr. Drolet's opinion for the reasons the ALJ explained in his decision. We note, however, that despite giving Dr. Drolet's opinion little weight, the ALJ incorporated some of her assessment into the RFC Finding by limiting plaintiff to understanding, remembering and carrying out simple instructions, as well as work that does not involve production rate pace.

The court similarly finds no error in the ALJ's consideration of, and reliance upon, the assessment of Dr. Edward Jonas, a non-examining state agency psychologist, who reviewed plaintiff's records and completed a residual functional capacity assessment of her ability to perform various mental work-related tasks. (R. 428-31). Dr. Jonas determined that plaintiff was not significantly limited in her ability to understand, remember and carry out short and simple instructions, but she was moderately limited in her ability to do so with respect to detailed instructions. (R. 428). Dr. Jonas also found that plaintiff was moderately limited in her ability to maintain attention and concentration for an extended time, to respond to changes in the work setting and to interact appropriately with the general public and co-workers. (R. 428-29). The ALJ gave Dr. Jonas' assessment great weight. (R. 29).

Plaintiff contends that the ALJ improperly gave great weight to Dr. Jonas' opinion because additional medical evidence was added to the record after he reviewed her case and completed his

assessment. The Third Circuit has rejected the contention that a lapse of time between a medical consultant's review of available records and the administrative hearing makes it inappropriate for an ALJ to rely on the consultant's opinion. In Chandler v. Commissioner of Social Security, 667 F.3d 356, 361 (3d Cir. 2011), the court observed that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings, id., citing SSR 96-6p, and after considering all of the evidence, the ALJ did not so conclude in this case. Accordingly, the ALJ properly gave great weight to Dr. Jonas' mental RFC assessment of plaintiff because he found that the opinion was consistent with the totality of the evidence.[2] (R. 29).

Plaintiff also critiques the ALJ's treatment of Dr. Jonas' opinion because he gave it great weight, yet included more restrictive limitations regarding her social functioning capabilities in the RFC Finding. More specifically, plaintiff complains that although Dr. Jonas found she was able to get along with others and go into the community independently, the ALJ's RFC Finding limited her to no contact with co-workers and the public

---

[2] The regulations specify that state agency psychological consultants, such as Dr. Jonas, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §404.1527(e)(2)(i).

and only occasional supervision.

Contrary to plaintiff's position, "[t]he ALJ — not treating or examining physicians or State agency consultants — must make the ultimate disability and RFC determinations." Chandler, 667 F.3d at 361. Thus, it was entirely appropriate for the ALJ to give great weight to Dr. Jonas' opinion that plaintiff was capable of meeting the basic mental demands of work, (R. 29, 431), yet include in the RFC Finding more restrictive limitations to accommodate her ability to function socially with others in the work setting.

Plaintiff's final argument is that the ALJ failed to properly evaluate her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In this case, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about

her limitations,[3] her daily activities, the extent and nature of her treatment, the medical evidence and the opinions of physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1) - (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding the limitations caused by her conditions was not entirely credible. (R. 27). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 26-29), and is satisfied that such determination is supported by substantial evidence.

In connection with her credibility argument, plaintiff asserts that she was "entitled to a favorable credibility inference based upon her excellent work history." While it is true that the testimony of a claimant with a long work history may be given substantial credibility concerning her claimed

---

[3] The ALJ noted that plaintiff made inconsistent statements such as alleging she was unable to work, yet subsequently seeking full time employment, and reporting limited social contacts while having friends over all the time. (R. 27). Plaintiff attempts to explain these inconsistencies by arguing that "things change." As the ALJ pointed out, plaintiff may not have provided inconsistent information with a conscious intent to mislead, but it suggests the information may not be entirely reliable. (R. 27). In any event, plaintiff's statements were only one factor among many that the ALJ properly considered in evaluating her credibility.

limitations, see Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979), work history is only one of many factors an ALJ may consider in assessing a claimant's subjective complaints. 20 C.F.R. §404.1529(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. September 30, 2008).

Here, the ALJ clearly was aware of plaintiff's work history and referred to it in his decision when he determined that she could not perform her past relevant work. (R. 30). It likewise is clear from the ALJ's decision that he considered the record as a whole in assessing plaintiff's credibility as discussed above. An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, thus a remand of this case is not warranted.

In conclusion, after carefully and methodically considering all of the evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

```
```

cc:    Elizabeth A. Smith. Esq.
      Law Offices of Elizabeth A. Smith PC
      129 S. McKean Street
      Butler, PA 16001

      Albert Schollaert
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219